```
         IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
BERNADETTE WRIGHT,
                                *
     Plaintiff,
v.                              *    CIVIL NO.: WDQ-05-562

NCO FINANCIAL SYSTEMS, INC.,    *

     Defendant.                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Bernadette Wright has sued her former employer, NCO Financial Systems, Inc. ("NCO") for negligent misrepresentation, intentional misrepresentation, breach of contract, promissory estoppel, conversion, invasion of privacy, wrongful discharge, and intentional infliction of emotional distress. Pending are NCO'S motions to quash an improperly set Rule 30(b)(6) deposition and to stay this case,[1] and Wright's request that NCO's counsel be disqualified. For the reasons discussed below, NCO's motions and Wright's request will be denied.

ANALYSIS

Wright has filed a discrimination charge against NCO with the Maryland Commission on Human Relations ("MCHR"), which

---

[1] The parties have informed the Court that the motion to quash is now moot.

1

remains pending.  NCO asserts that the allegations made in Wright's discrimination charge are inextricably interrelated with the allegations made in her Complaint.  NCO has moved to stay this case pending MCHR's decision on Wright's discrimination charge in order to avoid piecemeal litigation.

The Court has an obligation to exercise its jurisdiction, but must be mindful of considerations of judicial administration, conservation of judicial resources, and the promotion of comprehensive disposition of litigation.  *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15-16 (1983).  Balancing these competing factors does not favor a stay of this action.  Although certain allegations made in Wright's administrative discrimination charge are closely related to allegations made in her Complaint, the presence of additional claims militates against a stay. *O'Leary v. Purcell Co., Inc.*, 1984 U.S. Dist. LEXIS 16017, * 30 (M.D.N.C. 1984).

Wright has requested that NCO's counsel be disqualified for engaging in *ex parte* communications with her.  On May 5, 2005, an MCHR representative, Michelle Romney, contacted NCO's counsel to inform him that Wright wished to resolve her discrimination charge for $750 and a neutral employment reference.  Ex. A to NCO's Reply Memo. (May 5, 2005 letter

from NCO's counsel to Wright's counsel recounting its discussion with Romney). NCO's counsel immediately wrote to Wright's counsel and explained: "I have been advised that Ms. Wright has agreed to settle her Charge with NCO for $750, with NCO agreeing to supply Ms. Wright with a neutral employment reference. Given Ms. Wright's pending lawsuit, I felt it best to advise you of this matter." *Id.* Wright's counsel responded that he "was shocked to receive information [that NCO's counsel had] been involved in negotiating settlement of a claim by Ms. Wright when [he] knew that she was represented by counsel." Ex. B to NCO's Reply Memo. (May 13, 2005 letter from Wright's counsel to NCO's counsel). NCO's counsel again wrote to Wright's counsel and explained:

> So that there is no confusion, once we learned that your client wanted to settle her Charge, we first checked to determine your involvement with the Maryland Commission on Human Relations (MCHR). We were informed that you had not entered an appearance as Ms. Wright's counsel for this Charge, so they did not contact you. Instead of moving forward to resolve the Charge as requested by your client, I called your office on May 5, 2005. After not receiving any response, I called again on May 5, 2005. Again, I received no response. At no time did I ever speak to your client.

Ex. C to NCO's Reply Memo. (May 13, 2005 letter from NCO's counsel to Wright's counsel).

The only evidence Wright offers that NCO's counsel

3

improperly contacted her is her attorney's testimony that NCO's counsel improperly negotiated a proposed settlement with MCHR without his participation. Ramsey Aff. at ¶ 5. Given the drastic consequences of disqualification, the Court must be careful to avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights to freely choose their counsel. *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992). Because Wright has not adduced compelling evidence of impropriety by NCO's counsel, her request for disqualification will be denied.

<u>June 9, 2005</u>                              <u>         /s/         </u>
Date                                          William D. Quarles, Jr.
                                        United States District Judge